OPINION
Appellant Ricky Staton is appealing the decision of the Delaware County Court of Common Pleas that denied his request for re-sentencing pursuant to Senate Bill 2. The following facts give rise to this appeal.
On January 12, 1988, the Delaware County Grand Jury indicted appellant on one count attempted murder, two counts felonious assault, one count kidnaping, one count complicity to rape, one count rape, one count attempted felonious sexual penetration and one count aggravated robbery. On May 9, 1988, appellant pled guilty to attempted murder, abduction and attempted rape. The state dismissed the remaining charges. The trial court sentenced appellant on May 16, 1988, according to the statutory guidelines in effect on that date.
On June 22, 1998, appellant filed a pro se motion entitled "Constructive Notice to Amend and Reduce Sentence to Conform with the New Laws of Senate Bill 2". The trial court denied appellant's motion on June 23, 1998. Appellant filed a notice of appeal. The trial court appointed counsel to represent appellant. On September 25, 1998, appellate counsel filed a brief pursuant toAnders v. California (1967), 386 U.S. 738. Attorney Fuller complied with the procedures contained in Anders and served appellant with a copy of his motion to withdraw as counsel and brief of possible issues for appeal.
We must now determine whether Attorney Fuller's request to withdraw should be granted and whether to dismiss the instant appeal as wholly frivolous. In Anders,the United States Supreme Court established five criteria which must be met before a motion to withdraw filed by appellate counsel may be granted:
 (1) a showing appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous;
 (2) a showing a motion to withdraw has been filed by appellant's counsel;
 (3) the existence of a brief filed by appellant's counsel raising any potential assignments of error;
 (4) a showing appellant's counsel provided to the appellant a copy of said brief; and
 (5) a showing appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address.
Upon a finding these criteria have been met, Anders explains:
 the court — not counsel — proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on the merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.
We find the criteria established by the United States Supreme Court, in Anders, have been met. First, Attorney Fuller represents to this Court, through his motion to withdraw and brief of possible issues for appeal, that he has filed an Anders brief in this matter and finds no appealable issues regarding appellant's request to be re-sentenced pursuant to Senate Bill 2; therefore, satisfying the first criteria. Next, appellate counsel filed a motion to withdraw and a brief of possible issues for appeal on September 25, 1998, which satisfies the second and third criteria. Further, the Certificate of Service indicates appellate counsel served appellant with a copy of the motion to withdraw and a copy of the brief containing possible issues for appeal, by regular U.S. Mail, which satisfies the fourth criteria. Finally, appellant was provided with an adequate opportunity to file a prose brief, which he did not do, thereby satisfying the fifth criteria.
After a full examination of all the proceedings, we find this appeal to be wholly frivolous. The record is devoid of any legal points arguable on the merits. Appellant has not raised any assignments of error which would support this appeal.
Accordingly, Attorney Fuller's request to withdraw is granted and the appeal is dismissed.
By: Wise, J., Gwin, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, Attorney Fuller's motion to withdraw is granted and the appeal filed herein is dismissed.